**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 25**

Docket No. DA-0752-13-0170-X-1

**Felicia A. Bills,**

**Appellant,**

**v.**

**Department of the Air Force,**

**Agency.**

February 27, 2015

Anthony W. Walluk, Esquire, San Antonio, Texas, for the appellant.

Charles R. Vaith, Esquire, Randolph Air Force Base, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The administrative judge issued a compliance initial decision finding the agency in noncompliance with the administrative judge's August 1, 2013 initial decision in MSPB Docket No. DA-0752-10-0251-I-1, which became the Board's final decision in the appellant's removal appeal on September 5, 2013, when neither party filed a petition for review.  MSPB Docket No. DA-0752-10-0251-C-1 (C-1), Compliance Initial Decision (CID) (Aug. 18, 2014).  The August 1, 2013 final decision required the agency to cancel the appellant's removal, restore her to the status quo ante, and pay her appropriate back pay and benefits.  MSPB Docket No. DA-0752-10-0251-I-1 (I-1), Initial Decision (ID) at 17 (Aug. 1,

2013). The administrative judge held that the agency failed to demonstrate compliance because it did not provide the appellant the opportunity to make an election of health care benefits under 5 U.S.C. § 8908(a), and did not comply with the Federal Retirement Thrift Investment Board's (FRTIB's) regulations regarding back pay awards. For the reasons discussed below, we now find the agency in compliance with the final order.

## BACKGROUND

¶2 On September 11, 2012, the agency proposed to remove the appellant for: (1) making a false accusation; (2) engaging in unprofessional conduct; and (3) carelessness in the performance of her duties. I-1, Initial Appeal File (IAF), Tab 1 at 8. On December 12, 2012, the agency issued a final decision sustaining the proposed removal, effective the same day. *Id*. at 18.

¶3 The appellant timely appealed her removal to the Board. On August 1, 2013, the administrative judge issued an initial decision reversing the removal, finding that the agency failed to prove any of its charges by preponderant evidence. ID at 1-17. The administrative judge ordered the agency to cancel the removal action, retroactively restore the appellant to her position, and pay her back pay with interest and benefits in accordance with the regulations of the Office of Personnel Management (OPM). ID at 17.

¶4 On December 13, 2013, the appellant timely filed a petition for enforcement. C-1, Compliance File (CF), Tab 1. She alleged that the agency failed to: (1) pay the interest on her back pay; (2) either reimburse her for the amounts withheld for health insurance premiums during the period of the removal or pay her for the amounts she paid for continuation of insurance coverage during the removal period; (3) pay the interest on the amounts she withdrew from the Thrift Savings Plan (TSP) and Federal Employees' Retirement System (FERS); and (4) reimburse her for the penalty and interest she will be required to pay for the early withdrawal of amounts from the TSP and FERS. *Id*.

¶5    On January 8, 2014, the agency responded to the petition for enforcement. It asserted that, with the exception of the interest on the back pay, it was in full compliance with the Board's final decision. CF, Tab 3. The agency supported its claim with documentary evidence showing that the removal was canceled, the appellant was returned to her former position and paid back pay, and $1,540.44 was withheld from the back pay for retroactive health insurance benefits. *Id*. Regarding the amount withheld from the back pay for health insurance, the agency claimed that the appellant should contact her health insurance company to request reimbursement for any premiums paid during the back pay period or should assign to the agency her right to collect an overpayment for the insurance. *Id*. As to the claim for reimbursement for interest and penalties resulting from the withdrawal of amounts from the TSP and FERS accounts, the agency argued it should not be responsible for these funds. *Id*.

¶6    In reply to the agency's submission, the appellant confirmed that she had been paid the appropriate amount of back pay but claimed that she was not able to comprehend the documentation provided by the agency. CF, Tab 5. She also repeated her assertion that the agency should pay her for the penalties accrued and interest lost stemming from her early withdrawal of her TSP and FERS funds and stated that she had still not had been paid interest on her back pay. *Id*. The administrative judge then held telephonic conferences with the parties' representatives to discuss the outstanding compliance issues. CF, Tabs 7, 13. Following these conferences, the parties made final submissions to the administrative judge regarding the outstanding compliance issues. CF, Tabs 14-15.

¶7    On August 18, 2014, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement. CID. In the decision, the administrative judge found that the agency was not in compliance with the Board's order because it failed to demonstrate that it afforded the appellant an opportunity to make an election of health benefits pursuant to 5 U.S.C. § 8908(a)

and failed to show that it complied with FRTIB's regulations regarding the appellant's TSP account.[1]  CID at 5, 8.  Pursuant to her decision, the administrative judge ordered the agency to:  (1) furnish documentary evidence to show that the appellant was afforded the opportunity to elect retroactive health insurance pursuant to 5 U.S.C. § 8908 and evidence of her election; and (2) furnish documentary evidence to show compliance with OPM's regulations relating to the appellant's TSP contributions.  CID at 10.  On September 22, 2014, the agency submitted its Response Regarding Compliance to the Board, in which it asserted that it had complied with the administrative judge's August 18, 2014 compliance initial decision.  MSPB Docket No. DA-0752-13-0170-X-1, Compliance Referral File (CRF), Tab 1.  The petitioner did not file any reply.

## ANALYSIS

### The agency is in compliance with the Board's final decision regarding the appellant's health insurance benefits.

¶8      The agency's response provided documentary evidence showing that on September 9, 2014, the appellant was afforded the opportunity to elect retroactive health insurance.  CRF, Tab 1 at 62.  The agency's response further showed that on September 17, 2014, the appellant declined to elect retroactive health insurance.  *Id*. at 60-62.  Thus, we find that the agency has fulfilled its obligation under 5 U.S.C. § 8908, and find the agency in compliance with the August 1, 2013 final decision with respect to the appellant's health benefits.

---

[1] The administrative judge further held that the agency complied with the Board's order to pay the appellant back pay and interest, did not have to pay interest on the amounts the appellant would have contributed to the TSP or retirement accounts, and was not required to pay for any tax consequences that resulted from the appellant's withdrawal of her FERS and TSP contributions.  CID.  We agree with these findings and will not address these aspects of the compliance initial decision any further.

<u>The agency is in compliance with the Board's final decision with regard to the appellant's TSP contributions.</u>

¶9    The agency's response also provided documentary evidence showing that on September 9, 2014, the appellant was afforded the opportunity to submit missed contributions to her TSP account.  CRF, Tab 1 at 62.  However, the appellant declined to elect to submit any make-up contributions.  *Id*.  As a result, the agency has fulfilled its obligations under the current governing TSP regulations. [2]  *See* 5 C.F.R. § 1605.13(c).  Therefore, we find that the agency is now in full compliance with the Board's order concerning the appellant's TSP contributions.

¶10    Accordingly, the Board finds that the agency is now in full compliance with the Board's August 1, 2013 final decision and DISMISSES the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in

---

[2] In the compliance initial decision, the administrative judge incorrectly imposed two additional requirements on the agency to show compliance.  The administrative judge required the agency to inform the TSP record keeper of the back pay award and to show that it requested FRTIB to provide a computation of interest and lost earnings in accord with the applicable regulations.  CID at 8.  The administrative judge's authority for these requirements was based on *Shobert v. Department of the Air Force*, 90 M.S.P.R. 262, ¶ 11 (2001), which in turn derived the requirements from the then-current governing regulations, 5 C.F.R. §§ 1606.3 (2001) and 1606.11 (2001).  However, the authority of 5 C.F.R. Part 1606 expired on August 31, 2003.  *See* Various Changes to the Thrift Savings Plan, 70 Fed. Reg. 21290, 21291 (April 25, 2005).  At that time, the governing authority for all TSP contributions from back pay awards became 5 C.F.R. Part 1605.  70 Fed. Reg. at 21291.  Under 5 C.F.R. § 1605.13, the agency is now no longer required to request a computation of interest and lost earnings from FRTIB, and only needs to notify the TSP record keeper of the back pay award if there are employee make-up contributions.  5 C.F.R. § 1605.13(c).  Therefore, the portion of the compliance initial decision requiring the agency to inform the TSP record keeper of the back pay award and to show that it requested FRTIB to provide a computation of interest and lost earnings is hereby VACATED, and *Shobert* is OVERRULED to the extent that it requires agencies to comply with 5 C.F.R. §§ 1606.3 (2001) and 1606.11 (2001).

this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.